UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEVEN RICHMOND; and
COMMONWEALTH SECOND
AMENDMENT, INC

    Plaintiffs

v.

MICHAEL PERAINO, Chief of the
Town of Hingham Department of Police

    Defendant

CIVIL ACTION NO: 1:15-cv-10933-LTS

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT

The plaintiffs' complaint should be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6).

The plaintiffs' complaint alleges that plaintiff Steven Richmond ("Richmond") was denied his rights because the defendant denied his application for a license to carry ("LTC") a firearm. The complaint alleges that the defendant's denial of the application was mandated by M.G.L. c. 140 § 131 (d)(i)(e). There is no dispute from the complaint that defendant, the Town of Hingham's Chief of Police, did exactly as he was required under Massachusetts law. Thus, the plaintiffs' complaint fails to state a claim.

Last month, the Massachusetts Supreme Judicial Court issued a decision that addressed the constitutionality of M.G.L. c. 140 § 131. *See, Chief of Police of the City of Worcester v. Holden*, 470 Mass. 845 (2015). Although that case involved a dispute as to the interpretation of "suitable person", several of the points made by the Court would appear to apply in this case. The Court stated,

1

> [W]e conclude that the denial of a Class A license to carry a concealed firearm, or the revocation or suspension of a Class A license, falls outside the Second Amendment and is subject only to rational basis analysis, as a matter of substantive due process.

*Chief of Police of the City of Worcester, supra* at 853. The Court continued,

> The statute, broadly speaking, bears a reasonable, as well as a real and substantial, relation to public health and safety. As such, the 'suitable person' standard passes muster under the United States and the Massachusetts Constitutions under rational basis analysis.

*Chief of Police of the City of Worcester, supra* at 854.

The plaintiff has alleged in his complaint that he "possesses an FID card [firearm identification card] in the Commonwealth and . . . his License to Carry was revoked . . ." Complaint, ¶24. As stated by the Court in *Wesson, et. al. v. Town of Salisbury, et. al.*, 1:13-cv-10469-RGS (D. Mass April 18, 2014), "An FID authorizes the holder to possess non-large capacity rifles and shotguns, and associated ammunition. The FID, unlike the Class A and Class B permits, does not authorize the carrying of a firearm." (citation omitted). *Id.* at p. 4. As stated in *Chief of Police of the City of Worcester,* "Federal Circuit Courts of Appeals that have considered the question of regulation of firearms in public have observed that historically such regulation has been more prevalent than regulation of firearms in the home, and that the right to carry in public implicates more peripheral Second Amendment concerns than keeping and bearing arms in the home. (citations omitted). *Chief of Police of the City of Worcester, supra* at 857-858.

Plaintiffs' complaint alleges, "The plain language and application of G.L. c. 140 §§ 131 and 131A prohibit Plaintiff Richmond from obtaining a LTC-A and/or PTP [permit to purchase] because of his marijuana possession conviction." Complaint ¶23. Based upon the recent *Chief of Police of the City of Worcester* case and the fact that the defendant is simply applying the Massachusetts law as required, plaintiff does not state a claim against defendant.

As to plaintiff Commonwealth Second Amendment, Inc. ("CSA"), it lacks standing to bring this action. CSA alleges no facts that make it a proper plaintiff. CSA was not an applicant for a LTC. CSA is not a resident of the Town of Hingham. As the Court stated in *Wesson, et. al. v. Town of Salisbury, et. al.*, 1:13-cv-10469-RGS (D. Mass April 18, 2014) at p. 13, fn 7, "The court agrees with the Commonwealth that co-plaintiff [CSA] has not demonstrated standing to pursue declaratory relief . . ." The claims by CSA should be dismissed.

Defendant requests this Court to grant his motion to dismiss the complaint in its entirety.

        **DEFENDANT,**
        **Michael Peraino, in his**
        **official capacity as Chief of the**
        **Town of Hingham Department of Police**

        By his attorney,

        /s/ Kerry T. Ryan
        Kerry T. Ryan  (BBO#632615)
        Morrissey, Wilson & Zafiropoulos, LLP
        35 Braintree Hill Office Park, Suite 404
        Braintree, MA 02184
        Phone: (781) 353-5503
        Fax:  781-356-5546
        ktr@mwzllp.com

April 10, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2015, a true copy of the above document, filed through the ECF system, will be served electronically through the ECF system on the registered participants as identified on the Notice of Electronic Filing ("NEF"), and that paper copies of the above document will be sent via first class mail to those identified as non-registered participants on the NEF on April 10, 2015.

        /s/ Kerry T. Ryan
        Kerry T. Ryan