UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN RICHMOND; and COMMONWEALTH SECOND AMENDMENT, INC<br><br>Plaintiffs<br><br>v.<br><br>MICHAEL PERAINO, Chief of the Town of Hingham Department of Police<br><br>Defendant | CIVIL ACTION NO: 1:15-cv-10933-LTS |

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

The plaintiffs' complaint and motion for preliminary injunction alleges that plaintiff Steven Richmond ("Richmond") was denied his rights because the defendant denied his application for a license to carry ("LTC") a firearm. The complaint alleges that the defendant's denial of the application was mandated by M.G.L. c. 140 § 131 (d)(i)(e). There is no dispute from the complaint or the motion for preliminary injunction that defendant, the Town of Hingham's Chief of Police, did exactly as he was required under Massachusetts law. The plaintiffs' motion for preliminary injunction should be denied.

Last month, the Massachusetts Supreme Judicial Court issued a decision that addressed the constitutionality of M.G.L. c. 140 § 131. *See, Chief of Police of the City of Worcester v. Holden*, 470 Mass. 845 (2015). Although that case involved a dispute as to the interpretation of "suitable person", several of the points made by the Court would appear to apply in this case. The Court stated,

1

> [W]e conclude that the denial of a Class A license to carry a concealed firearm, or the revocation or suspension of a Class A license, falls outside the Second Amendment and is subject only to rational basis analysis, as a matter of substantive due process.

*Chief of Police of the City of Worcester, supra* at 853. The Court continued,

> The statute, broadly speaking, bears a reasonable, as well as a real and substantial, relation to public health and safety. As such, the 'suitable person' standard passes muster under the United States and the Massachusetts Constitutions under rational basis analysis.

*Chief of Police of the City of Worcester, supra* at 854.

The plaintiff has alleged in his complaint that he "possesses an FID card [firearm identification card] in the Commonwealth" Complaint, ¶24. Likewise, in the motion for preliminary injunction it states, "Mr. Richmond applied for and was granted a Massachusetts Firearms Identification card in 2014." Plaintiffs' Memorandum at page 2. As stated by the Court in *Wesson, et. al. v. Town of Salisbury, et. al.*, 1:13-cv-10469-RGS (D. Mass April 18, 2014), "An FID authorizes the holder to possess non-large capacity rifles and shotguns, and associated ammunition." (citation omitted). *Id.* at p. 4. The plaintiffs' motion for preliminary injunction does not address the fact that he is allowed to possess certain weapons in his home pursuant to the FID and how that influences his claims, a fact that would appear to diminish his likelihood of success and/or alleged irreparable harm.

As stated in *Chief of Police of the City of Worcester*, "Federal Circuit Courts of Appeals that have considered the question of regulation of firearms in public have observed that historically such regulation has been more prevalent than regulation of firearms in the home, and that the right to carry in public implicates more peripheral Second Amendment concerns than keeping and bearing arms in the home. (citations omitted). *Chief of Police of the City of Worcester, supra* at 857-858.

Plaintiffs' complaint alleges, "The plain language and application of G.L. c. 140 §§ 131 and 131A prohibit Plaintiff Richmond from obtaining a LTC-A and/or PTP [permit to purchase] because of his marijuana possession conviction." Complaint ¶23. Based upon the recent *Chief of Police of the City of Worcester* case and the fact that the defendant is simply applying the Massachusetts law as required, plaintiffs do not meet the likelihood of success on the merits requirement for their requested preliminary injunction.

Plaintiffs rely almost exclusively on the recent opinion of *Wesson, et. al. v. Town of Salisbury, et. al.*, 1:13-cv-10469-RGS (D. Mass April 18, 2014). However, in that opinion, the Court indicates that the "Commonwealth proposes" some form of declaration. *Wesson, et. al. v. Town of Salisbury, et. al.*, 1:13-cv-10469-RGS (D. Mass April 18, 2014) at p. 12. The Court's Order in that case indicates, "Taking note of the agreement among the parties at oral argument..." *Id.* at p. 13. Thus, it appears that after the Commonwealth intervened in that case, it was able to come to some accommodation with the plaintiffs. Here, the Commonwealth has not intervened and the defendant Police Chief is simply enforcing a Commonwealth legal requirement. An injunction is not appropriate under these circumstances.

It is unclear from the plaintiffs' brief what type of injunction they request. According to their memorandum, "Plaintiff is not seeking an injunction ordering the immediate issuance of a LTC-A. Nor is he seeking to enjoin the entire operation of the Massachusetts licensing scheme or seeking an order that he be permitted to possess a handgun without a license." Memorandum at page 7. For the defendant Police Chief, this raises a realistic concern--what is being sought and how will it be enforced? It is undisputed that the current law precludes the Police Chief from issuing the license sought by plaintiff Richmond. Thus, what is defendant Richmond seeking in this motion? The case does not seem appropriate for a preliminary injunction.

As to plaintiff Commonwealth Second Amendment, Inc. ("CSA"), and as set forth in defendant's motion to dismiss, it lacks standing to bring this action. CSA alleges no facts that make it a proper plaintiff. CSA was not an applicant for a LTC. CSA is not a resident of the Town of Hingham. As the Court stated in *Wesson, et. al. v. Town of Salisbury, et. al.*, 1:13-cv-10469-RGS (D. Mass April 18, 2014) at p. 13, fn 7, "The court agrees with the Commonwealth that co-plaintiff [CSA] has not demonstrated standing to pursue declaratory relief . . ." The claims by CSA should be dismissed. Thus, as to CSA, it has no likelihood of success as to its preliminary injunction request.

Plaintiffs' motion for preliminary injunction should be denied.

**DEFENDANT REQUESTS ORAL ARGUMENT**

**DEFENDANT,**
**Michael Peraino, in his**
**official capacity as Chief of the**
**Town of Hingham Department of Police**

By his attorney,

/s/ Kerry T. Ryan
Kerry T. Ryan (BBO#632615)
Morrissey, Wilson & Zafiropoulos, LLP
35 Braintree Hill Office Park, Suite 404
Braintree, MA 02184
Phone: (781) 353-5503
Fax: 781-356-5546
ktr@mwzllp.com

April 13, 2015

## CERTIFICATE OF SERVICE

      I hereby certify that on April 13, 2015, a true copy of the above document, filed through the ECF system, will be served electronically through the ECF system on the registered participants as identified on the Notice of Electronic Filing ("NEF"), and that paper copies of the above document will be sent via first class mail to those identified as non-registered participants on the NEF on April 13, 2015.

                                                         /s/ Kerry T. Ryan
                                                         Kerry T. Ryan