UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
STEVEN RICHMOND and                 )
COMMONWEALTH SECOND                 )
AMENDMENT, INC.,                    )
                                    )
            Plaintiffs,             )
                                    )
v.                                  )   Civil Action No. 15-10933-LTS
                                    )
MICHAEL PERAINO,                    )
Chief of the Hingham Department     )
of Police,                          )
                                    )
            Defendant.              )
_____)

ORDER ON DEFENDANT'S MOTION TO DISMISS
AND PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF

September 9, 2015

SOROKIN, J.

Plaintiffs Steven Richmond and Commonwealth Second Amendment, Inc. bring this action alleging that the Massachusetts statutes governing the permitting of handguns as applied to Richmond violate his Second Amendment right to keep and bear arms.[1]  The Plaintiffs seek declaratory and injunctive relief requiring Defendant Michael Peraino, the Chief of the Hingham Police Department, to issue a License to Carry ("LTC") or a Permit to Purchase ("PTP"), allowing Richmond to possess a handgun in his home and to transport a handgun to a firing

---

[1] Because the Complaint draws into question the constitutionality of Massachusetts statutes, the Court has ensured that the Plaintiffs have provided notice to the Attorney General of the Commonwealth of Massachusetts, Doc. Nos. 15, 16, and has itself certified to the Attorney General that a constitutional challenge has been raised against a statute of the Commonwealth, Doc. No. 17.  See Fed. R. Civ. P. 5.1(a), (b).  The Attorney General has declined to intervene in this case.  Doc. No. 19.  The Court's certification to the Attorney General was issued on June 24, 2015.  Accordingly, more than sixty days have passed and the requirement of Federal Rule of Civil Procedure 5.1(c) has been satisfied.

range. The Plaintiffs have filed a motion for a preliminary injunction enjoining Peraino from enforcing the allegedly unconstitutional portions of the licensing law against Richmond and preventing Peraino from relying on Richmond's forty-year-old conviction for simple possession of marijuana as a basis to deny him an LTC or PTP. Peraino, for his part, has opposed the entry of a preliminary injunction and moved to dismiss the Complaint.

Because the parties do not dispute the operative facts, the Court informed the parties of its intent to treat the resolution of the motion for a preliminary injunction as a resolution of the action on the merits. Doc. No. 18. The Court invited the parties to raise any objections they had to proceeding in such a manner or to describe any discovery they believed would be necessary to resolve this case. Id. No party raised any objection to the Court's proposed course of action.

Accordingly, for the reasons that follow, the Motion to Dismiss is ALLOWED as to Commonwealth Second Amendment and DENIED as to Richmond. The Motion for Injunctive Relief is ALLOWED, and the Court enters a final order of injunctive relief resolving this case.

I.  BACKGROUND

The Complaint alleges that Richmond, in 1975, was convicted in Florida for simple possession of less than an ounce of marijuana, a misdemeanor for which Richmond paid a $252 fine and served no jail time. Doc. No. 1 ¶ 21. Richmond has not been convicted of a felony or any other criminal offense considered disqualifying for the purposes of obtaining an LTC. Id. ¶ 22. Today, Richmond seeks to purchase a handgun for self-defense in his home. Id. ¶ 27.

Richmond currently holds a Firearm Identification ("FID") card, which allows him to possess a rifle or shotgun in his home, but not a handgun. Id. ¶¶ 24, 26. Richmond's LTC, which would allow him to possess a handgun in his home, was revoked by Peraino in 2014.[2] Id.

---

[2] The Complaint does not make clear the circumstances under which Richmond's LTC was originally granted.

¶ 24. The revocation was based on a statutory exclusion that prohibits any person who "has, in any other state or federal jurisdiction, been convicted [of] . . . a violation of any law regulating the use, possession or sale of a controlled substance." Mass. Gen. Laws ch. 140, § 131(d)(ii); Doc. No. 1 ¶ 24. A PTP, which would allow Richmond to purchase a handgun, is subject to the same exclusion as an LTC. Mass. Gen. Laws ch. 140, § 131A. Thus, Richmond's 1975 conviction for possession of marijuana makes him statutorily ineligible to receive an LTC or PTP.

Peraino does not dispute these facts as alleged in the Complaint for the purposes of the motion for injunctive relief.

II.  LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court "must take the allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiff[]." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). "[F]actual allegations" must be separated from "conclusory statements in order to analyze whether the former, if taken as true, set forth a plausible, not merely a conceivable, case for relief." Juarez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 276 (1st Cir. 2013) (internal quotations omitted). This highly deferential standard of review "does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992). Dismissal for failure to state a claim is appropriate when the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material

element necessary to sustain recovery under some actionable legal theory." Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005) (quoting Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997)).

In order to obtain a permanent injunction, the party seeking the injunction must demonstrate "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." CoxCom, Inc. v. Chaffee, 536 F.3d 101, 112 (1st Cir. 2008) (quoting eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006)).

III. MOTION TO DISMISS

Peraino moves to dismiss the Complaint, arguing his actions were entirely consistent with Massachusetts law as written and, thus, the Complaint does not state a claim. This argument, however, does not address Richmond's argument that the statutes in question are unconstitutional as applied to him.

This case is substantially identical to the facts presented in Wesson v. Town of Salisbury, 13 F. Supp. 3d 171, 178 (D. Mass. 2014), in another session of this Court.[3] In that case, Judge

---

[3] The Court does note two differences between this case and the facts of Wesson. First, the Plaintiffs note that the Commonwealth passed a law that became effective January 1, 2015 and amended Mass. Gen. Laws ch. 140, § 131. The Plaintiffs state in the Complaint that the facts of this case do not implicate any of the amendments to § 131, and Peraino does not argue otherwise. Accordingly, the Court assumes, without deciding, that the amendments do not bear on the issues in this case. Second, in Wesson, the Commonwealth intervened in the case and, in response to a summary judgment motion, stated that it "d[id] not oppose a narrowly drawn declaratory judgment stating that, as applied to the[] plaintiffs, §§ 131(d)(i)(e) and 131A infringe the Second Amendment right to possess firearms in the home for self-defense." Brief of Commonwealth at 22, Wesson v. Town of Salisbury, 13 F. Supp. 3d 171, 178 (D. Mass. 2014) (Civ. No. 13-10469-RGS), Doc. No. 43. The Commonwealth has stated that the Wesson brief represents its position on the constitutional issue presented in this case. Doc. No. 19.

Stearns entered a judgment in favor of plaintiffs, finding that their Second Amendment rights had been violated when they were disqualified from obtaining an LTC on the basis of a single, out-of-state conviction for simple possession of marijuana. I find Judge Stearns's reasoning in Wesson persuasive, and, accordingly, find the allegations in the Complaint, along with the reasonable inferences drawn from those allegations, to state a claim. The Motion to Dismiss as to Richmond is DENIED.

In addition, Peraino challenges the standing of Commonwealth Second Amendment to bring this action. In regard to the standing of organizations suing on behalf of their members, the Supreme Court has held that:

> [a]n association has standing to bring suit on behalf of its members when its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 181 (2000). Here, the Complaint does not allege that Richmond is a member of Commonwealth Second Amendment. Nor does it allege that Commonwealth Second Amendment's members "otherwise have standing to sue in their own right," id., or that it, as an organization, has suffered a particularized injury from Peraino's revocation of Richmond's LTC, see Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 & n.1 (1992). Accordingly, Commonwealth Second Amendment has not alleged facts supporting its standing as a plaintiff in this case and, thus, the Motion to Dismiss is ALLOWED as to Commonwealth Second Amendment.

IV.    MOTION FOR INJUNCTIVE RELIEF

Richmond moves for injunctive relief preventing Peraino from "applying [Mass. Gen. Laws ch. 140, §§ 131(d)(ii) and 131A] as a basis to deny Plaintiff Richmond a LTC-A for the purpose of exercising his Second Amendment constitutional right to keep and bear arms in his

home for self-defense." Doc. No. 5 at 10.  Richmond argues, in essence, that the exclusion of individuals convicted of "a violation of any law regulating the use, possession or sale of a controlled substance," Mass. Gen. Laws ch. 140, § 131(d)(ii)(E), as applied to him cannot withstand any level of scrutiny.  Peraino's principal response is that he followed the licensing statute, that the statute has been upheld by the courts against constitutional challenges, and thus Richmond cannot demonstrate constitutional injury.

Although the level of scrutiny to be applied to Second Amendment challenges has not been definitively resolved by the courts, the First Circuit has held that "a categorical ban on gun ownership by a class of individuals must be supported by some form of 'strong showing,' necessitating a substantial relationship between the restriction and an important governmental objective."  United States v. Booker, 644 F.3d 12, 25 (1st Cir. 2011) (quoting United States v. Skoien, 614 F.3d 638, 641 (7th Cir. 2010) (en banc)).

In addressing this point in Wesson, the Commonwealth, which intervened in that case, noted that LTC applicants whose criminal record consists of a single violation, in Massachusetts, for possession of less than one ounce of marijuana are not generally disqualified from obtaining an LTC.  Brief of Commonwealth at 21, Wesson v. Town of Salisbury, 13 F. Supp. 3d 171, 178 (D. Mass. 2014) (Civ. No. 13-10469-RGS), Doc. No. 43 [hereinafter "Comm. Brief"].  This is so because, under Massachusetts law, a person convicted of possession of less than an ounce of marijuana, who has no prior convictions for a drug offense, "shall be placed on probation . . . [and] [u]pon successful completion of said probation, the case shall be dismissed and records shall be sealed."  Mass. Gen. Laws ch. 94C, § 34.  Once sealed, the record of conviction, "shall not be deemed a conviction for purposes of any disqualification or for any other purpose."  Id.  Further, as part of the decriminalization of possession of small amounts of marijuana in 2008,

6

Massachusetts law was amended to prevent the Commonwealth, "any of its political subdivisions or their respective agencies, authorities or instrumentalities" from imposing "any form of penalty, sanction or disqualification on an offender for possessing an ounce or less of marihuana."  Mass. Gen. Laws ch. 94C, § 32L.

Accordingly, in Wesson, the Commonwealth conceded that had the plaintiffs been convicted in Massachusetts of simple possession of an ounce or less of marijuana, rather than having been convicted of that offense outside of the Commonwealth, they would in all likelihood not have been subject to the statutory exclusion from obtaining an LTC or PTP.  Because other individuals who had substantially identical convictions could otherwise be considered for and receive an LTC, the Commonwealth acknowledged that it could not argue that the disqualification was "'substantially related' to an interest in preserving public safety and preventing crime" and thus "d[id] not oppose a narrowly drawn declaratory judgment" that the statutory exclusions contained in ch. 140, §§ 131(d)(i)(E) and 131A infringed on the plaintiffs' "Second Amendment right to possess firearms in the home for self-defense."  Comm. Brief at 22.

Judge Stearns found this argument persuasive and ordered declaratory and injunctive relief in line with the Commonwealth's concession.  Wesson, 13 F. Supp. 3d at 178.  I agree with Judge Stearns and find that Richmond has demonstrated a "substantial injury that is not accurately measurable or adequately compensable by money damages," CoxCom, Inc., 536 F.3d at 112 (quoting Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 217 F.3d 8, 13 (1st Cir. 2000)), which is sufficient to satisfy the first two prongs of the permanent injunction analysis.  See Ezell v. City of Chicago, 651 F.3d 684, 699 (7th Cir. 2011) ("Infringements of [the Second Amendment] cannot be compensated by damages.").

Looking to the other factors, I also find the balance of harms favors Richmond. Peraino has not pointed to any threat posed by Richmond if his marijuana conviction is not considered as disqualifying, and Richmond's wrongful disqualification harms him so long as it remains in place. Finally, Peraino has not cited to, and the Court is not aware of, any injury to the public interest that would arise from the issuance of injunctive relief in this case. Accordingly, the Motion for Injunctive Relief is ALLOWED.

V.     CONCLUSION

For the reasons set forth above, the Motion to Dismiss, Doc. No. 10, is ALLOWED as to Commonwealth Second Amendment and otherwise DENIED. The Motion for Injunctive Relief, Doc. No. 2, is ALLOWED as set forth below.

The Court notes that Richmond is not raising a facial challenge to the Massachusetts gun licensing scheme, nor is he arguing that he has a constitutional right to carry a handgun outside of the confines of the home. The Court is not Ordering Peraino to issue an LTC or PTP, rather the scope of the Order only requires him to not apply Mass. Gen. Laws ch. 140, §§ 131 and 131A to disqualify Richmond for an LTC or PTP on the basis of his 1975 conviction for possession of marijuana. The Court's Order takes no position on whether Richmond is subject to any other disqualifications under the relevant statutes, is otherwise suitable to hold such a license, or what, if any, restrictions on such a license would be reasonable.

With the foregoing in mind, it is ORDERED and ADJUDGED that Mass. Gen. Laws ch. 140, §§ 131(d)(ii)(E) and 131A as applied to Richmond infringe his Second Amendment right to possess firearms in his home.  Peraino or his designate is hereby Ordered to give prompt consideration to any application for a License to Carry or Permit to Purchase filed by Richmond.  Peraino is further Ordered not to apply Mass. Gen. Laws ch. 140, §§ 131(d)(ii)(E) and 131A as a basis to deny Plaintiff Richmond a License to Carry or a Permit to Purchase.

SO ORDERED.

   /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge