**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **STEVEN RICHMOND; and** | ) | |
| **COMMONWEALTH SECOND AMENDMENT, INC** | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Docket No. 15-cv-10933** |
| **MICHAEL PERAINO, Chief of the Town of Hingham** | ) | |
| **Department of Police;** | ) | |
| **Defendants** | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF RICHMOND'S MOTION FOR ATTORNEY'S FEES, EXPENSES, AND COSTS**

Now Comes the Plaintiff, Steven Richmond, and pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 1983, and Federal Rule of Civil Procedure 54(d), hereby moves for his attorney's fees, expenses and costs in this action.

Plaintiff, By His Attorney,
*/s/ Jeffrey T. Scrimo*

Jeffrey T. Scrimo
Lynch Scrimo─Attorneys
PO Box 1787
Lenox, MA 01240
BBO# 649864
Jeff@LenoxAttorney.com

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES ........ ii**
**BACKGROUND ........ 1**
**I. PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES, EXPENSES, AND COSTS. ........ 1**
**II. TIME SUBMITTED BY COUNSEL WAS REASONABLY NECESSARY TO ACHIEVE SUCCESS IN LITIGATION. ........ 3**
**A.** *Attorney Scrimo's Billing Practices* ........ **3**
**B.** *The Attorneys' Skill, Experience, and Reputation* ........ **4**
**C.** *The Prevailing Market Rates in the Community*. ........ **5**
**CONCLUSION ........ 6**

## TABLE OF AUTHORITIES

**Cases**
*Bd. of Trs. of the Hotel & Rest. Emples. Local 25* v. *JPR, Inc.*, 136 F.3d 794 (D.C. Cir. 1998).... 8
*Blanchard* v. *Bergeron*, 489 U.S. 87 (1989) ........ 4
*Blum* v. *Stenson*, 465 U.S. 886 (1984) ........ 5
*Copeland* v. *Marshall*, 641 F.2d 880 (D.C. Cir. 1980) ........ 4
*Covington* v. *District of Columbia*, 57 F.3d 1101 (D.C. Cir. 1995) ........ 5
*Fernandez & HNOS, Inc. v. Kellogg USA, Inc.*,516 F.3d 18 (1st Cir. 2008) ........ 4
*Hensley* v. *Eckerhart*, 461 U.S. 424 (1983) ........ 4
*Jordan* v. *United States Dep't of Justice*, 691 F.2d 514 (D.C. Cir. 1982) ........ 6
*Lewis* v. *Kendrick,* 944 F.2d 949 (1st Cir. 1991) ........ 4
*Smith* v. *District of Columbia*, 466 F. Supp.2d 151 (D.D.C. 2006) ........ 6

**Statutes**
42 U.S.C. § 1983 ........ 3, 4
42 U.S.C. § 1988 ........ 3, 4
M.G.L. c. 140 § 131(d)(i)(e) ........ 3
M.G.L. c. 140 § 131A ........ 3

**Other Authorities**
MASS. LAWYERS WEEKLY, *"The Going Rate,"* (2013) ........ 8
MASS. LAWYERS WEEKLY, 100 Largest Law Firms in Massachusetts (2014)………..4

**BACKGROUND**

On March 17, 2015, Plaintiff filed his Complaint alleging that Defendant violated his Second Amendment right to the United States Constitution by failing to consider his LTC firearms application to possess a firearm in his home for self-defense, as well as to transport the firearm under reasonable regulation to a range or other location to maintain proficiency. Plaintiff sought declaratory and injunctive relief under 42 U.S.C. § 1988, 42 U.S.C. § 1983 and 28 U.S.C. § 2201.

On September 11, 2015, this Court entered its nine page Order On Defendant's Motion to Dismiss and Plaintiffs' Motion for Injunctive Relief in favor of Plaintiff in the above captioned case ("Decision"). In the Decision, the Court granted the relief that Plaintiffs requested in their Second Amendment claim under 42 U.S.C. § 1983, holding that "it is ORDERED and ADJUDGED that Mass. Gen. Laws ch. 140, §§ 131(d)(ii)(E) and 131A as applied to Richmond infringe his Second Amendment right to possess firearms in his home.." *Decision* at p. 9.

For the reasons set forth below, Plaintiff seeks the following award of costs, including attorney's fees, at a rate of $250 per hour in the total amount of $12,892.44, as established in the attached contemporaneous time records. *See Affidavit of Counsel*, attached as Ex. A; *Time Records*, attached as Exhibit B.

**I. PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES, EXPENSES, AND COSTS.**

Plaintiff Richmond is entitled to an award of attorney's fees under Section 1988 because he prevailed on his Second Amendment claim. Section 1988 provides that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs" in any action to enforce a provision of Section 1983. "The purpose of Section 1988 is to ensure effective access to the judicial process for persons with civil rights grievances. Accordingly, a

prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley* v. *Eckerhart*, 461 U.S. 424, 429 (1983) (citations and internal quotation marks omitted). "There is a background presumption favoring cost recovery for prevailing parties." *B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc.*,516 F.3d 18, 28 (1st Cir. 2008) (citations marks omitted); *see also Lewis* v. *Kendrick*, 944 F.2d 949, 954 (1st Cir. 1991).

> Where, as here, the relief sought is generally nonmonetary, a substantial fee is particularly important if that statutory purpose is to be fulfilled. It is relatively easy to obtain competent counsel when the litigation is likely to produce a substantial monetary award. It is more difficult to attract counsel where the relief sought is primarily nonmonetary. *Copeland* v. *Marshall*, 641 F.2d 880, 907 (D.C. Cir. 1980).

Even in civil rights cases where monetary relief is available, such relief does not reflect the litigation's full value. "Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms." *Blanchard* v. *Bergeron*, 489 U.S. 87, 96 (1989) (citation omitted).

Plaintiff is a prevailing party and was granted significant relief based on the Plaintiff's substantive claim that Defendant violated his civil rights secured by the Second Amendment to the United States Constitution. Plaintiff's Second Amendment claim was substantial, with foundation, and neither fictitious nor frivolous. The Order declaring Mass. Gen. Laws ch. 140 § 131(d)(i)(e) and § 131A unconstitutional as applied and enjoining the Defendants from denying firearm permits or licenses to the Plaintiffs solely on the basis of said statute now permits the Plaintiff to participate in a constitutionally protected activity. Judicial intervention and sanctioning of this constitutionally protected activity was the only means of relief available to the Plaintiff. The legal relationship between the parties was materially changed when the Court invalidated portions of Mass. Gen. Laws ch. 140 § 131(d)(i)(e) and § 131A as applied. Therefore, the Plaintiff met all

of the requirements for attorney's fees, costs, and expenses. No special circumstances exist that would make such an award unjust.

## II. TIME SUBMITTED BY COUNSEL WAS REASONABLY NECESSARY TO ACHIEVE SUCCESS IN LITIGATION.

"The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. Adjustments to that fee then may be made as necessary in the particular case." *Blum* v. *Stenson*, 465 U.S. 886, 888 (1984) (citation omitted). "[A] fee applicant's burden in establishing a reasonable hourly rate entails a showing of three elements: the attorneys' billing practices; the attorneys' skill, experience, and reputation; and the prevailing market rates in the relevant community." *Covington* v. *District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995). The present matter was a complex constitutional case litigated in the Massachusetts federal district court sitting in Boston. Accordingly, it is appropriate for the Court to consider the reasonableness of Plaintiffs' attorney's fees request by referencing billing rates in the Massachusetts and Boston market.

### *A. Attorney Scrimo's Billing Practices*

Plaintiffs' counsel, Jeff Scrimo, is one member of a two-person law firm. Attorney Scrimo handled the entirety of this litigation and had no assistance from any other attorney, Administrative Assistant or Legal Assistant. See Affidavit of Attorney Jeff Scrimo, attached as Ex. A. It is established law that

> [I]t is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted. To enable opposing counsel adequately to assess the merits of the motion, and the court to fulfill its obligations, no more is necessary than fairly definite information as to the hours

> devoted to various general activities, e.g., pretrial discovery, settlement negotiation, and the hours spent by various classes of attorneys, e.g., senior partners, junior partners, [and] associates. . . . *Jordan* v. *United States Dep't of Justice*, 691 F.2d 514, 520 (D.C. Cir. 1982) (footnote and quotation marks omitted).

and,

> When a lawyer writes, for example, that she spent six or eight hours in one day 'researching and drafting' a brief dealing exclusively with issues on which her client has ultimately prevailed, there is certainly no need for her to itemize every case she looked up or every paragraph she labored over. Trial courts must recognize how lawyers work and how they notate their time. It must be remembered that the ultimate inquiry is whether the total time claimed is reasonable. *Smith* v. *District of Columbia*, 466 F. Supp.2d 151, 158 (D.D.C. 2006).

In the present case, however, Plaintiff's Counsel did keep detailed and contemporaneous records of his billing activities with a billing timer running on his computer while in his office, and on his cell phone while out of the office in a law library. *See Affidavit of Counsel*, attached as Exhibit A.[1] Highlights of every billing activity was contemporaneously inputted into Attorney Scrimo's time keeping program, and said records are attached for the Court's reference. *See Affidavit of Counsel*, attached as Exhibit A; *See Time Records*, attached as Ex. B.

***B. The Attorneys' Skill, Experience, and Reputation.***

Counsel's skill is best reflected in the quality of their work product. However, because case law requires reviewing counsels' experience and reputation, some discussion of these factors is in order. Attorney Scrimo entered this case with almost fifteen years of court and litigation experience. Scrimo graduated *magna cum laude* from the University of Maine in 1997 and *cum laude* from the University Of Maine School Of Law in 2000, and became a member of

[1] The only exception was on 4/17/2014 when Counsel had to travel to Boston for the summary judgment hearing. On that day, because of the variety of tasks involved, the total time spent throughout the day was roughly divided between travel and substantive tasks and rounded downward to round numbers.

the Massachusetts Bar in 2001. He began his legal career as a Judicial Law Clerk for the Massachusetts District Court and Western Appellate Division, serving twenty-seven judges on trial issues throughout western Massachusetts. His litigation career began in a private practice setting with the office of Campoli & Monteleone in Pittsfield, MA from 2003 through 2006. Since 2006, Attorney Scrimo has been a Partner in the firm of Lynch Scrimo, where he has focused entirely on litigation, primarily representing plaintiffs in the areas of civil rights, employment discrimination and personal injury, as well as defendants in criminal matters.

***C. The Prevailing Market Rates in the Community.***

As recently reported by Massachusetts Lawyers Weekly, the average hourly billing rate in 2013 in Boston for Partners is $598.69, and for Associates is $388.21. *See* MASS. LAWYERS WEEKLY, "*The Going Rate*," p.3, attached as Ex. C.

Attorney Scrimo works in a two person for-profit law firm, but does not have standard, fixed hourly rates. His work is typically on behalf of plaintiffs in employment discrimination and personal injury cases, and defendants in criminal matters. Said work is performed on a contingency, flat-fee, or blended basis that produces no particular billing history accurately reflected in a set hourly rate. Section 1988 and other fee shifting provisions acknowledge the simple reality that people of ordinary means in our nation cannot access the market for complex federal litigation, especially in civil rights cases seeking declaratory and injunctive relief where no monetary relief is available to form the basis of a contingency fee. Even when Attorney Scrimo charges hourly rates, those rates are frequently set at consciously sub-market rates in order to provide legal services to those who otherwise could not afford them.

Attorneys "who either practice privately and for-profit but at reduced rates reflecting non-economic goals or who have no established billing practice" are "quite clear[ly] . . . entitled to an award based on the prevailing market rates." *Covington*, 57 F.3d at 1107 (footnote omitted).

"[T]he prevailing market rate method heretofore used in awarding fees to traditional for-profit firms and public interest legal services organizations shall apply as well to those attorneys who practice privately and for profit but at reduced rates reflecting non-economic goals." *Covington*, 57 F.3d at 1107. "Deciding whether an attorney has a public-spirited reason for a representation should not be all that difficult. An important part of this inquiry will focus on whether the fee charged in fact differs significantly from the market value of the attorney's services." *Bd. of Trs. of the Hotel & Rest. Emples. Local 25* v. *JPR, Inc.*, 136 F.3d 794, 807 (D.C. Cir. 1998).

In the present matter, Attorney Scrimo seeks an hourly rate compensation of $250 per hour, which is $138 less than the average billable rate of an associate in a Boston law firm, and $348 per hour less than partner billing rates. *Compare Mass. Lawyers Weekly, "The Going Rate,"* (2013), attached as Ex. C. Seeking a billing rate for successful, complex constitutional litigation at a significantly reduced rate from even the average Boston law firm associate's billing rate is patently reasonable, and should be allowed by this Honorable Court.

**CONCLUSION**

In conclusion, Plaintiff's ask this Honorable Court to award Plaintiff his attorney's fees as prevailing Plaintiffs under Section 1988.

Respectfully Submitted,
Plaintiff, By His Attorney,
*/s/ Jeffrey T. Scrimo*
Jeffrey T. Scrimo
Lynch Scrimo─Attorneys
PO Box 1787
Lenox, MA 01240
BBO# 649864
Jeff@LenoxAttorney.com

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and served via email on this 30 of September, 2015.

*/s/ Jeffrey T. Scrimo*