UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN RICHMOND; and<br>COMMONWEALTH SECOND<br>AMENDMENT, INC<br><br>    Plaintiffs<br><br>v.<br><br>MICHAEL PERAINO, Chief of the<br>Town of Hingham Department of Police<br><br>    Defendant | CIVIL ACTION NO: 1:15-cv-10933-LTS |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES, EXPENSES AND COSTS

The law does not allow the plaintiff in this case to be awarded attorney fees.[1] Although plaintiff generally claims to be a prevailing party for purposes of 42 U.S.C. § 1983, he was not, and could not have been. As the United States Supreme Court has held, "in *Monell* and subsequent cases, we have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. Cty. Comm'r Bryan County Oklahoma v. Brown*, 520 U.S. 397, 117 S.Ct. 1382, 137 L.Ed. 626 (1997), (citing to *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2027, 56 L.Ed.2d 611 (1978)) (additional citations omitted). As the First Circuit has stated it, "[u]nder § 1983, municipalities can be liable for constitutional violations only if the violation occurs pursuant to an official policy or custom." *Welch v. Ciampa*, 542 F.3d 927, 941 (1st Cir. 2008).

---

[1] Although the plaintiff's motion references expenses and costs, only a filing fee is identified. To the extent any expenses or costs are requested, see the above discussion regarding attorney fees.

1

The plaintiffs' complaint and motion for preliminary injunction alleged that plaintiff Steven Richmond ("Richmond") was denied his rights because the defendant denied his application for a license to carry ("LTC") a firearm. The complaint alleges that the defendant's denial of the application was mandated by M.G.L. c. 140 § 131 (d)(i)(e). See complaint, paragraphs 18 and 23. There is no dispute from the complaint or the motion for preliminary injunction that defendant, the Town of Hingham's Chief of Police, did exactly as he was required under Massachusetts law. *Id.* The plaintiff did not allege or submit any evidence in his motion for preliminary injunction that the Town of Hingham had any policy or custom that caused him harm. Instead, the pleadings made it clear that the Town of Hingham's Chief of Police was simply complying with mandated Massachusetts law.

A recent case examines this same type of situation. In *Snyder v. King*, 745 F.3d 242 (7th Cir. 2014), a plaintiff sued various county defendants claiming § 1983 liability. "Notably, [the plaintiff] did not include any allegations that his injury was caused by a municipal-level custom or policy promulgated by the County Defendants." *Id.* at 244. "Under well-established precedent, a plaintiff cannot state a Section 1983 claim against a municipal entity, or against a municipal officer in his or her official capacity, unless certain requirements are met. If [plaintiff] has not stated an actionable claim against the County Defendants, then he cannot possibly be entitled to any damages against the County Defendants..." *Id.* at 246.

The plaintiff in *Snyder* sued the County Defendants in their "official capacity", which was exactly what was alleged in this case. *See* complaint, 1st sentence and paragraph 4 ("Complaint against Defendant, Michael Peraino,[2] Chief of the Town of Hingham Police Department in his official capacity...sued in his official capacity"). "Snyder sued the County

---

[2] Michael Peraino is no longer the Police Chief in the Town of Hingham. He has been succeeded by Chief Glenn Olsson.

2

Defendants in their official capacities[3] under 42 U.S.C. § 1983, which is essentially another way of suing the county—affiliated entity they represent. This means that Snyder can only proceed against the County Defendants to the extent that he would be able to proceed against the county..." 745 F.3d at 246.

> "[C]ourts have focused on whether "there is a direct causal link between a **municipal policy or custom** and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); *Leahy v. Bd. of Trs.*, 912 F.2d 917, 922 (7th Cir.1990) ("Proximate causation between the municipality's policy or custom and the plaintiff's injury must be present.") (quoting *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir.1985)). **To say that any such direct causal link exists when the only local government "policy" at issue is general compliance with the dictates of state law is a bridge too far**; under those circumstances, the state law is the proximate cause of the plaintiff's injury. See *Surplus Store and Exchange, Inc. v. City of Delphi*, 928 F.2d 788, 791–92 (7th Cir.1991); *Whitesel v. Sengenberger*, 222 F.3d 861, 872 (10th Cir.2000) (county cannot be liable for "merely implementing" a policy created at the state level); *Familias Unidas v. Briscoe*, 619 F.2d 391, 404 (5th Cir.1980) (**municipal entity cannot be held liable for simply enforcing state law** because the municipal policy in that instance "may more fairly be characterized as the effectuation of the policy of the State ... embodied in that statute, for which the citizens of a particular county should not bear singular responsibility."). This is the rule to which the district court was referring when it invoked *Bethesda*: a county "**cannot be held liable under Section 1983 for acts that it did under the command of state or federal law.**" 154 F.3d at 718."

(emphasis added). *Id.* at 247. The *Snyder* court continued, "[w]hen state law unequivocally instructs a municipal entity to produce binary outcome X if condition Y occurs, we cannot say that the municipal entity's "decision" to follow that directive involves the exercise of any meaningful independent discretion, let alone final policymaking authority.... It is the statutory directive, not the follow-through, which causes the harm of which the plaintiff complains." *Id.* at 249.

Another Court has analyzed the same issue, calling it one of first impression. *Vives v. City of New York*, 524 F.3d 346, 351 (2nd Cir. 2008). "The issue of whether—and under what

---

[3] Qualified immunity may also be applicable. See e.g., *Breault v. Chairman of the Board of Fire Commissioners of Springfield*, 401 Mass. 26, 31-39 (1987).

circumstances—a municipality can be liable for enforcing a state law is one of first impression in this circuit. It is also one of great significance both to injured citizens, who may be able to recover against a municipality when other avenues of recovery are cut off if we rule in favor of [plaintiff], and to municipalities, which may incur significant and unanticipated liability in the same event." *Id.* After examining various aspects of the law of several circuit courts, the *Vives* Court found, "[t]herefore, in addressing the conscious choice requirement, we agree with all circuits to address state laws mandating enforcement by municipal police officers that a municipality's decision to honor this obligation is not a conscious choice. **As a result, the municipality cannot be liable under *Monell* in this circumstance.**" (emphasis added). *Id.* at 353.

As stated by the Court in *Annunziato v. The Gan, Inc.*, 744 F.2d 244, 250 (2nd Cir. 1984), for a defendant to be "liable for fees under Sec. 1988, it must first be subject to the court's jurisdiction under Sec. 1983." Here, there is no claim against defendant under § 1983 as there was no policy or custom in anyway alleged or argued. The Court's Order on Defendant's Motion to Dismiss and Plaintiff's Motion for Injunctive Relief never mentions 42 U.S.C. § 1983, nor does it hold that the Town of Hingham has any policy or custom under which the plaintiff's rights were violated. Instead, the decision holds that Mass. Gen. Laws ch. 140 §§ 131(d)(ii)(E) and 131A as applied to [plaintiff] infringe his Second Amendment right to possess firearms in his home. The defendant simply complied with state law as was his duty. Under the law, that does not trigger any liability under 42 U.S.C. § 1983.

42 U.S.C. § 1988 provides that "[i]n any action or proceeding to enforce a provision of sections ...1983...the court, in its discretion, may allow the prevailing party...a reasonable

attorney's fee..." Given that the plaintiff cannot show any claim against defendant premised upon § 1983, he is not entitled to an award of attorney fees under 42 U.S.C. § 1988.

Even if attorney fees were permitted, under the circumstances of this case, they should not be awarded. Plaintiffs' complaint alleges, "The plain language and application of G.L. c. 140 §§ 131 and 131A prohibit Plaintiff Richmond from obtaining a LTC-A and/or PTP [permit to purchase] because of his marijuana possession conviction." Complaint ¶23. Plaintiffs relied almost exclusively on the recent opinion of *Wesson, et. al. v. Town of Salisbury, et. al.*, 1:13-cv-10469-RGS (D. Mass April 18, 2014). However, in that opinion, the Court indicated that the "Commonwealth proposes" some form of declaration. *Wesson, et. al. v. Town of Salisbury, et. al.*, 1:13-cv-10469-RGS (D. Mass April 18, 2014) at p. 12. The Court's Order in that case indicated, "Taking note of the agreement among the parties at oral argument..." *Id.* at p. 13. Thus, it appears that after the Commonwealth intervened in that case, it was able to come to some accommodation with the plaintiffs. Here, the Commonwealth chose not to intervene, but submitted a memorandum from its position in the *Wesson* case in which it did not oppose some narrow relief for the plaintiff. The defendant had no substantive role in the Commonwealth's decisions and litigation strategy. The defendant was simply enforcing a mandatory state statute while the Commonwealth chose its own path concerning its statute. The defendant should not be penalized for its legally mandated actions.

Another reason to deny or, at a minimum, significantly reduce the requested fees is the fact that the plaintiff did not use the relatively quick and inexpensive appeal to the Hingham District Court that was his right. See, G.L. c. 140 § 131(f).

Also, if the Court permitted the plaintiff any attorney fees, the amount requested should be reduced by the amounts from January 6, 2015 through January 30, 2015. None of this time

was a part of this litigation as it was before the applicable permit denial had occurred. In addition, plaintiff was not the prevailing party as to the defendant's motion to dismiss the additional plaintiff Commonwealth Second Amendment, Inc. ("CSAI"). The Court granted defendant's motion to dismiss as to CSAI. Thus, some of the remainder of the fees should be reduced by time spent related to CSAI, especially that on April 13 and 14 (i.e. half of those two entries).

Plaintiffs' motion for attorney fees, expenses and costs should be denied in its entirety.

DEFENDANT,
**Michael Peraino, in his official capacity as Chief of the Town of Hingham Department of Police**

By his attorney,

/s/ Kerry T. Ryan
Kerry T. Ryan (BBO#632615)
Morrissey, Wilson & Zafiropoulos, LLP
35 Braintree Hill Office Park, Suite 404
Braintree, MA 02184
Phone: (781) 353-5503
Fax: 781-356-5546
ktr@mwzllp.com

October 14, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2015, a true copy of the above document, filed through the ECF system, will be served electronically through the ECF system on the registered participants as identified on the Notice of Electronic Filing ("NEF"), and that paper copies of the above document will be sent via first class mail to those identified as non-registered participants on the NEF on October 14, 2015.

6