UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN RICHMOND | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil No. 15-10933-LTS |
| | ) |
| MICHAEL PERAINO, | ) |
| Chief of the Hingham Department | ) |
| of Police, | ) |
| | ) |
| Defendant. | ) |

ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, EXPENSES AND COSTS
(DOC. NO. 22)

October 29, 2015

SOROKIN, J.

Invoking 42 U.S.C. § 1983, Plaintiff brought suit seeking an order from this Court requiring the Chief of Police to consider Plaintiff's application for a License to Carry or a Permit to Purchase on the merits of the application, contending that applying a disabling rule set forth in a state statute violated his rights under the United States Constitution.  Over the objection of the Chief (but not the Attorney General of the Commonwealth who did not intervene, but who did file a position statement), the Court granted Plaintiff the relief he sought.  Now, the Chief disputes Plaintiff's entitlement to the fees and costs of the litigation.   The town, in the form of the Chief, "was the defendant; it lost the suit . . . [t]he legislative history of the statute makes clear that a successful party 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'"  Venuti v. Riordan, 702 F.2d 6, 8 (1st Cir. 1983) (Breyer, J.) (quoting S. Rep. No. 94-1101). Defendant identifies one possibly special

circumstance in opposing Plaintiff's motion for attorney's fees—that it merely enforced a state law.  The First Circuit has rejected that consideration: "We see nothing in the city/state relationship that would warrant carving out a special legal rule excepting cities from cost liability when they seek to enforce state statutes."  <u>Venuti</u>, 702 F.2d at 8.  In the circumstances of this case, I find that the Plaintiff prevailed and that awarding him his fees, costs and expenses as against Defendant is reasonable and warranted under all of the circumstances.

The fees and costs are reasonable except that the fee request is reduced by $400 in that the Court dismissed plaintiff Commonwealth Second Amendment. The issue was relatively discrete and not that significant, and I therefore do not find a substantial portion of the legal work was attributable to that plaintiff.

Accordingly, the Motion for Fees (Doc. No. 22) is ALLOWED subject to the reduction of $400 from the requested amount of the attorney's fee portion.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge